

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

DAVID KIRKPATRICK,

      **Plaintiff;**

                                  Case No.: \_1:18-cv-139-GNS\_

**vs.**

AETNA LIFE INSURANCE COMPANY,

      **Defendant.**

---

### COMPLAINT

---

    COMES NOW Plaintiff, David Kirkpatrick (hereinafter "Plaintiff" or "Mr. Kirkpatrick"), by and through his attorneys, and for his Complaint against the Defendant, Aetna Life Insurance Company (hereinafter "Aetna"), states as follows:

### JURISDICTION AND VENUE

    1.    Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of RR Donnelley & Sons Company's long-term disability ("LTD") coverage plan and corresponding insurance policy (**Group Policy No.: GP-469657**) (hereinafter the "Plan" and the "Policy," respectively); which was (and is) underwritten, administered and/or managed by Aetna for the benefit of certain employees of RR Donnelley & Sons Company (hereinafter "RR Donnelley"). In addition, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that

arise under the laws of the United States ("federal question jurisdiction").

2.     The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials.  These avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or on behalf of Plaintiff.  *See*, **Aetna Claim No.: 12362299**.

3.     Venue is proper in the Western District of Kentucky, pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

### RELEVANT PARTIES

4.     Mr. Kirkpatrick resides in Knob Lick, Kentucky, and a substantial part of the events, transactions, and occurrences material to his claim for disability took place within the Western District of Kentucky.

5.     At all times relevant hereto, Mr. Kirkpatrick, was an "employee" of RR Donnelley, that being his "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6).  Plaintiff worked as Material Handler; however, due to his established disability, he last worked at RR Donnelley on or about April 16, 2015.

6.     At all times relevant hereto, RR Donnelley was the Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

7.     At all times relevant hereto, Defendant Aetna was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan and under the Policy; alternatively, or in addition, Aetna was an "administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21). Here, it is apparent on the face of the record and therefore alleged that Aetna has a financial conflict of interest/bias, since it is the ultimate decision-maker (claims

2

administrator, claims-review fiduciary, and/or claims fiduciary) but also the payer/funding source for any benefits.

8.      At the times relevant hereto, Defendant Aetna acted as agent for the Plan and for Plan Sponsor/Plan Administrator RR Donnelley.

9.      Under the Plan and/or Policy, RR Donnelley delegated or assigned to Defendant Aetna the claims–fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy.

10.     At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); as an incident to his employment, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. § 1002(7).

11.     At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, illness, and/or other covered medical condition as set forth under the Plan/Policy.

12.     According to Aetna, the Plan/Policy defines total disability as follows:

From the date that you first became disabled and until monthly benefits are payable for 24 months you meet the test of disability on any day that: [y]ou cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related condition; and [y]our earnings are 80% or less of your adjusted predisability earnings. After the first 24 months of your disability that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition.... Reasonable Occupation... is any gainful activity [f]or which you are, or may reasonably become, fitted by education, training, or experience; and [w]hich results in, or can be expected to result in, an income of more than 60% of your adjusted predisability earnings.

## STATEMENT OF FACTS

13.     Plaintiff realleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by reference herein as if specifically restated.

14.     Plaintiff is 56 years old, and his date of birth is in December, 1961.

15.     Plaintiff worked for RR Donnelley for approximately thirteen (13) years as a Material Handler. When he last worked for RR Donnelley, he was earning approximately $15.00 per hour.

16.     Mr. Kirkpatrick was forced to stop working due to certain disabling conditions; he last worked on or about April 16, 2015.

17.     The medical conditions that form the basis for Plaintiff's disability are multi-faceted and include the following: cerebrovascular accident (CVA) (stroke); various neck and back issues—including cervical spondylotic myelopathy (spinal cord compression), degenerative disc disease, disc protrusion, bilateral neural foraminal narrowing, and spinal stenosis—which required: (i) C3/4 and C4/5 anterior cervical discectomy and fusion with cage insertion, and (ii) cervical spinal fusion; burning, tingling fingers, and stiffness in right arm; spasms (jerks) in arm; dizzy spells; and balance issues/unsteady or uncoordinated gait. As recently as January, 2018, when an MRI was done, there is objective evidence of continued degenerative changes in Mr. Kirkpatrick's spinal region.

18.     Since he could no longer perform his work at RR Donnelley, Mr. Kirkpatrick applied for and received short-term disability ("STD") benefits; upon information and belief, self-funded through RR Donnelley but approved by Aetna. The STD benefits ran for

approximately six months, from mid-April, 2015 through mid-October, 2015.

19.    After that, his medical condition not having improved, and based on his employment at RR Donnelley, Mr. Kirkpatrick was eligible and applied for LTD benefits, this through Aetna.  All told, LTD benefits were paid to Plaintiff for approximately 24 months, from October 17, 2015 through October 16, 2017.

20.    However, as of mid-October, 2017, Aetna refused to pay further LTD benefits. The initial denial letter in this regard was dated July 25, 2017.

21.    Despite due appeal(s) by Plaintiff (*made without the benefit of undersigned legal counsel), Defendant Aetna has continued to deny LTD benefits. The final denial letter was dated June 15, 2018.

22.    Any and all applicable insurance–policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

23.    Plaintiff has filed or caused to be filed notice(s) or proof(s) of claim or loss, and performed any and all other conditions precedent to recovering benefits, under the Plan/Policy for the losses claimed herein.

24.    At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, his claim was and has continued to be amply supported by his treating medical provider(s), who have confirmed his continuing inability to work.

25.    Also, Mr. Kirkpatrick has been found to qualify for Social Security disability benefits.  By Notice of Award dated January 11, 2016, Mr. Kirkpatrick was found disabled by the federal Social Security Administration—effective as of April 16, 2015. This independent,

freestanding determination by the federal government is part of the Administrative Record here, and it is persuasive evidence of disability in this case.

26.    Under any ERISA standard of review that may apply[1], the position taken by Aetna in denying this claim, viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The review, analysis and decision by Aetna were wrong, as well as arbitrary and capricious, under the circumstances presented.

27.    Further, Aetna's denial of benefits must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

28.    Plaintiff is entitled to past due LTD benefits covering the period of approximately October 17, 2017 to present; as well as any other companion benefits that were/are provided under the Plan/Policy during that time frame. He is also entitled to all future LTD benefits and companion benefits as provided by the Plan/Policy, provided that he otherwise continues to meet all applicable terms and conditions of same.

29.    Based on the facts summarized above and further proof that can be gleaned from the Administrative Record as properly constituted, if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, he alleges the causes of action set forth below.

## CAUSES OF ACTION

### COUNT I --- ERISA/Statutory Claims

30.    Plaintiff realleges and reavers paragraphs 1 through 29 of the Complaint, incorporating them by reference herein as if specifically restated.

---

[1] Plaintiff respectfully reserves all points and arguments regarding what will be the proper standard of review herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101 (1989), and its progeny.

30.     Based on the facts summarized above, Plaintiff makes claim under ERISA for the instatement/award of all LTD and related benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action seeking recovery of benefits, and clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§ 1001, *et seq*., as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA. This count is intended to cover all cause(s) of action that are available to a Plan participant under 29 U.S.C. §1132(a); this to include — provided applicable and necessary to afford complete relief — a cause of action for breach of fiduciary duty.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A.     That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which he was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant surcharge(s) under principles of equity;[2] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan/Policy at issue, under ERISA law, and subject to the proof;

B.     That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or

---

[2] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 444-445 (2011).

otherwise) that Defendant pay to Plaintiff all LTD benefits to which he is or will be entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and policy application procedures, as required; and so long as he otherwise continues to meet all applicable terms and conditions of the Plan/Policy;

      C.     That the Court award to Plaintiff his attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. § 1132(g);

      D.     That the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which he may be entitled by virtue of the facts and cause(s) of action alleged above, consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLA's"); any provision for waiver, continuation of payment of, or reimbursement of premiums on health and dental insurance; any provision for waiver, continuation of payment of, or reimbursement of premiums on life insurance (life waiver of premium); and any provision for continued payments/contributions to employer–sponsored retirement plan(s) (if and as any/all of those items may be provided under the Plan/Policy in force); plus pre-judgment interest[3] and post-judgment interest[4] on all amounts awarded or to be awarded; and

      E.     Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise, to amend or supplement this lawsuit based on additional facts or circumstances not now reasonably apparent, or to be revealed by any discovery to be conducted herein; and/or to

---

[3] *See, Curtis v. Aetna Life & Accident Ins. Co.*, 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[4] *See*, 28 U.S.C. § 1961.

add any party-defendant(s) necessary to afford complete relief to Plaintiff.

Dated this <u>26th</u> day of September, 2018.

**Respectfully Submitted,**

CODY ALLISON & ASSOCIATES, PLLC

K. Cody Allison, **Ky. Bar # 97985**
Parkway Towers
404 James Robertson Pkwy, Ste. #1623
Nashville, Tennessee 37219
Phone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com (*ECF credentials pending)